Wardlaw, J.
I concur in the result of these cases, but not in all the intimations of opinion which have been made.
If the cohabitation between the demandant and Chapman was adulterous in its inception, mere lapse of time, without other evidence of a subsequent marriage, would not alter its character.
Upon the question whether Pulliam was dead at the time of the marriage to Chapman — the main question of fact in the case — the jury should decide according to the presumptions of law and the belief induced by circumstances which may be shown by proper evidence. From absence, unheard of, for seven years, the fact of death is presumed, but not the time. To fix the time at the end of the seven years would be almost always contrary to the fact — to fix it at the beginning, immediately after the continuance of life had been positively ascertained, would be plainly contrary to truth and common sense. Circumstances may enable a jury to say when it took place, or that it preceded a given event within the seven years. But there must be some circumstances to overcome the presumption that life continues for at least seven years; or if that presumption has been overcome by the lapse of the seven years, to fix at one period rather than another, the time of death left wholly uncertain ; and these circumstances must be shown by the party whose interest it is to establish the time of death anterior to the expiration of the seven years. Hearsay — rumor—report, as distinguished from reputation, cannot be such a circumstance : nor, as I think, can, in a case like this, be the fact that a wife has married within the seven years, and that the presumption of her innocence of the crime of bigamy requires the previous death of *462 her first husband to be presumed. That would be applicable in an indictment against her for bigamy, or in a case between third persons wherein the validity of her second marriage was involved, or even in a case where the legitimacy of the children of her second marriage was considered, apart from their rights as her representatives. But in a case where she herself is de-mandant, she must prove whatever, being denied, is essential to the rights she demands: and she can no more rely for evidence upon her own acts than upon her own declarations.